UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEISHA THOMPSON<br>12806 North Road<br>Cleveland, OH 44111<br><br>on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>MENORAH PARK CENTER FOR<br>SENIOR LIVING BET MOSHAV<br>ZEKENIM HADATI<br>c/o Statutory Agent Taft Service Solutions Corp.<br>200 Public Sq. Ste 3500<br>Cleveland, OH 44114<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Keisha Thompson, by and through counsel, and for her Complaint against Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff Keisha Thompson ("Plaintiff") was a citizen of the United States and a resident of Cuyahoga, County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a non-profit corporation, organized and existing under the laws of the State of Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207 as he used tools, products, and equipment that traveled in interstate commerce.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant Menorah Park is a long-term care facility for elderly individuals and located in Beachwood, Ohio.

13. Plaintiff was employed by Defendant as a Registered Nurse between April 2017 and December 2017.

14. Other similarly-situated employees were employed by Defendant as RNs, LPNs, and nursing assistants.

15. Plaintiff and other similarly-situated employees were classified by Defendant as non-exempt employees.

16. Plaintiff and other similarly-situated employees were paid by Defendant on an hourly basis.

### (Failure to Pay for All Hours Worked)

17. Defendant has a policy that required Plaintiff and other similarly-situated employees to clock out after working their 8-hour shift.

18. However, Defendant required Plaintiff and other similarly-situated employees to keep working and finish their job duties after clocking out.

19. Defendant required Plaintiff and other similarly-situated employees to perform unpaid work off-the-clock at the end of their shifts, including but not limited to:

    (a) completing patient charts;

    (b) completing other required documentation/paperwork; and

    (c) patient care/treatments.

20. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

21. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

22. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

23. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after they performed the aforementioned work.

24. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

25. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.

26. Plaintiff estimates that she and other similarly-situated employees spent approximately 5 to 10 hours each week performing this unpaid work after clocking out.

27. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for their unpaid work.

**(Failure to Pay Overtime Compensation)**

28. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

30. Defendant required Plaintiff and other similarly-situated employees to perform various tasks and forms of labor without being clocked in.

31. As such, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees after clocking out each day.

32. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work after clocking out amounted to approximately 5 to 10 hours per week.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current hourly RNs, LPNs, and nursing assistants employed by Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati during any period of time between December 12, 2014 and the present.

35. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of several hundred persons.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.

Plaintiff is a representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

37. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current hourly RNs, LPNs, and nursing assistants employed by Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati during any period of time between December 12, 2014 and the present.

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

40. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   a) whether Defendant failed to pay employees for all hours worked each day;

   b) whether Defendant failed to pay overtime compensation to their employees for hours worked in excess of 40 each workweek;

   c) whether Defendant's actions were knowing and willful; and

   d) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

41. Named Plaintiff Keisha Thompson will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(Fair Labor Standards Act Violations)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated employees for work performed after their shifts and off-the-clock each day.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed after their shifts and off-the-clock each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

47. Defendant regularly, uniformly, and systematically failed to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek.

48. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

49. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 CFR 516.2(a)(7).

50. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

51. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's practice and policy of practice and policy of not paying Plaintiff and other similarly situated employees for work performed after their shifts and off-the-clock each

8

day violated the OMFWSA, R.C. 4111.03.

54. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03.

55. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the OMFWSA, R.C. 4111.03.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court find Defendant liable, and:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the classes;

  E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

  F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

  G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

         Respectfully submitted,

          /s/ Lori M. Griffin
         Lori M. Griffin (0085241)
         Anthony J. Lazzaro (0077962)
         Chastity L. Christy (0076977)
         The Lazzaro Law Firm, LLC
         920 Rockefeller Building
         614 W. Superior Avenue
         Cleveland, Ohio 44113
         Phone: 216-696-5000
         Facsimile: 216-696-7005
         lori@lazzarolawfirm.com
         anthony@lazzarolawfirm.com
         chastity@lazzarolawfirm.com

         Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

         /s/ Lori M. Griffin
         One of the Attorneys for Plaintiff