UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEISHA THOMPSON, on behalf of herself and all other similarly situated, ) ) ) | CASE NO.1:17CV2580 |
| Plaintiff, ) ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | |
| MENORAH PARK CENTER FOR SENIOR LIVING BET MOSHAV ZEKENIM HADATI ) ) ) ) | OPINION AND ORDER |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, SR. J:**

This matter is before the Court on Plaintiff Keisha Thompson's Motion for Conditional Certification, Expedited Opt-In Discovery and Court Supervised Notice to Potential Opt-In Plaintiffs (ECF # 43) and Defendant Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati's ("Menorah") Motion to Strike.  (ECF # 46).  For the following reasons, the Court grants Plaintiffs' Motion for Conditional Certification and Expedited Opt-In Discovery.  The Court further approves the Notice.  The Court denies Defendant's Motion to Strike.

Plaintiff Keisha Thompson brings this collective and class action against Defendant Menorah for alleged unpaid wages on behalf of a class defined as:

All former and current hourly RNs, LPNs, and nursing assistants employed by

Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati during any period of time between January 11, 2015 and the present.

According to Plaintiff, the collective class members are similarly situated as they were all classified by Menorah as non-exempt, hourly employees and all were subject to the same alleged FLSA-violative policies of not being paid for all hours worked and not being paid at the statutory overtime rate for hours worked that exceeded forty hours in a given week.

More specifically, Plaintiff alleges she and the putative collective and class members were required to clock out at the end of their shifts but were expected to complete work such as completing patient charting, other documentation, patient care and various other nursing duties while off the clock. Plaintiff and two opt-in Plaintiffs have submitted declarations declaring all three and the putative class were subject to the same FLSA-violative policies.

Defendant Menorah was established in 1906 and currently operates a 360 bed nursing home facility in Beachwood, Ohio for long term care patients and short term post-hospital rehabilitation patients. Menorah opposes the Motion for Conditional Certification, contending Plaintiffs are not similarly situated, are not representative of the class since they have not worked for Menorah in the last three years, were largely part-time employees and many other employees attest that they have been paid for all hours worked and were paid the statutory rate for hours worked beyond forty hours per week. Moreover, Menorah argues that Plaintiff has not demonstrated any alleged FLSA violation by Menorah was willful and therefore, the applicable time frame should be two years.

In their Reply, Plaintiffs argue that Menorah's defenses concern factual disputes which are inappropriate for the Court to consider at the first stage of the certification process.

## LAW AND ANALYSIS

### Standard of Review for Collective Action

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b). Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt-in" by filing written consent. 29 U.S.C. § 216(b). District courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Before facilitating notice, courts must determine whether the potential class members are similarly situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id.* at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and

discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). "The standard for granting conditional certification in an FLSA case is much lower than the standard for certification of a class action brought under Rule 23." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 768 (N.D. Ohio 2015); *Maez*, 268 F.R.D. at 394; *Perez*, 218 F.R.D. at 265-66.

In determining conditional certification, courts have considered " whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread...plan was submitted." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) citing *Castillo v. Morales, Inc.,* 302 F.R.D. 480, 486 (S.D.Ohio 2014).

Having considered the arguments and evidence submitted by the parties, the Court finds that at this stage of the proceedings, Plaintiffs have met their "modest" burden and are entitled to conditional certification by their Declarations. Thompson's Declaration asserts she was a Registered Nurse that worked for Menorah from April to December 2017. (ECF # 43-2, pg. 1). Thompson further declares she was required to clock out but then perform additional work for Menorah without being paid. (*Id* at pg. 2). She also attests she regularly

4

worked more than forty hours a week but was not paid at the statutory rate for her overtime hours due to Menorah's policies and practices. (*Id.*) She observed other employees were subject to the same alleged FLSA-violative policies and practices. (*Id.*).

Opt-In Plaintiff Rhonda Jackson attests she was a Nursing Assistant with Menorah from September 2008 to October 2016. (ECF # 43-3, pg. 1). She declares she was required to keep working after clocking out. (*Id.*). She regularly worked more than forty hours per week but was not paid for all hours worked; nor was she paid overtime compensation at the statutory rate. (*Id.*) This was due to Menorah's policies and practices and Jackson observed Menorah apply these pay policies to other employees with whom Jackson asserts she is similarly situated. (*Id.*).

Shantee Wilburn is another opt-in Plaintiff who worked for Menorah from July 2016 to June 2017 as a Nursing Assistant   Her declaration mirrors that of Jackson and Thompson. (See generally ECF # 43-3). These Declarations are sufficient to meet Plaintiffs' modest burden to show that the Plaintiff, Opt-In Plaintiffs and members of the putative class were all subject to the same FLSA-violative pay policies.

Defendants dispute that Plaintiffs worked full time, worked overtime or have personal knowledge that other employees were subject to the same alleged FLSA-violative policies as Plaintiffs. However, as caselaw makes clear, these factual challenges are not to be considered at the first stage of conditional certification when discovery has not been completed and Plaintiff bears only a modest burden to show they are similarly situated to the purported collective. Questions of fact (what duties employees performed, how many hours they worked and whether they were paid for them), and questions of law (whether the alleged

conduct constitutes an FLSA violation), are questions on the merits and therefore not appropriate for the notice stage of conditional certification. "During this preliminary stage, a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner v. U.S. Bancorp,* 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) citing *Swigart v. Fifth Third Bank,* 276 F.R.D. 210, 214 (S.D.Ohio 2011). It is sufficient for this stage that Plaintiffs have established a Menorah policy or practice that applies to the purported class and have advanced arguments that the policy violates the FLSA.

The Fair Labor Standards Act requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). All three Plaintiffs attest they worked overtime but were not paid at the statutory rate. All three attest they were required to perform work after clocking out and were not compensated for it. All three attest they observed other employees were subject to the same FLSA-violative policies. These statements satisfy Plaintiff's modest burden to show FLSA-violative policies by Menorah that were applied to a broad number of employees. While Menorah disputes these facts, the Court does not consider these factual challenges at this stage of the proceedings.

Menorah also contends none of the three Plaintiffs worked for Menorah in the last three years, therefore, they cannot possess knowledge of Menorah's pay practices in that time. However, Plaintiffs' Declarations establish that all three were employed by Menorah within the proposed time period of the collective action. This is sufficient for the collective action to proceed to conditional certification while preserving Menorah's right to challenge the Declarations in discovery.

Menorah alleges there has been no evidence presented that Licensed Practical Nurses were subject to the same alleged FLSA-violative pay practices. "Once Plaintiffs have met their burden at the notice stage, Defendant cannot overcome the showing by arguing that individual issues may dominate." *Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2013 WL 11336856, at *6 (D.N.M. Sept. 24, 2013)(internal quotation marks omitted). Notice and discovery are required to discover which Plaintiffs have individual questions and to what extent they may predominate over the common issues. Additionally, since Plaintiffs' claims all relate to a single policy, any individualized determination of job duties would only involve determining if the employee were affected by the policy or not, which is not so burdensome as to preclude conditional certification at the notice stage.

Menorah also submits over seventy declarations demonstrating Plaintiffs' alleged FLSA violations were not applied classwide evidencing conditional certification. However, courts have found these "happy camper" declarations are not given great weight at the conditional certification stage, particularly since Plaintiffs have not had an opportunity to depose the declarants. "The Court agrees with Plaintiffs that the affidavits submitted by Defendants are of little evidentiary value at the conditional-certification stage." *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 892 (S.D. Ohio 2016).

Menorah has filed separately a Motion to Strike Specified Paragraphs Submitted by Plaintiff (ECF # 46). Menorah seeks to strike those portions of Plaintiff's and Opt-In Plaintiffs' Declarations wherein they declare they "observed" the allegedly unlawful pay practices of Menorah were applied to other workers and declare they are similarly situated to other employees of Menorah. The Court denies the Motion as Plaintiff relies on Fed. R. Civ.

7

P. 12f, which applies solely to pleadings. Moreover, Plaintiffs' observations are not speculation but are purportedly based on their personal knowledge. "Many courts have held that employee statements regarding their employer's policies and practices and hours worked by other employees were admissible evidence based on the employee's personal knowledge." *Myers v. Marietta Mem'l Hosp.,* 201 F. Supp. 3d 884, 894 (S.D. Ohio 2016). While Menorah contends they could not have observed the pay practices of other employees or observed employees in other areas of Menorah's facilities, these are questions that go to credibility which the Court does not address at conditional certification. Furthermore, Plaintiffs will be subject to depositions where Menorah may question them at length.

While Menorah contends Plaintiffs' declarations that they are similarly situated to other employees is a legal conclusion, the Court finds that it is based on their observations of hours worked off the clock over forty hours and their observations that other employees were not paid for working off the clock or at the statutory overtime rate per Menorah policy. Therefore, the Court denies Menorah's Motion to Strike.

Lastly, Menorah argues the relevant time period should be two years and not three as Plaintiffs have produced no evidence that Menorah's alleged FLSA-violative pay practices were willful. However, as Plaintiff points out, this is a merits determination to be resolved after discovery.

Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion for Conditional Certification. The Court orders expedited discovery as outlined in the Plaintiff's proposed order approved by the Court and docketed herein. The Court also approves the Notice as attached at ECF # 43-5.

Date: February 4, 2021        S:/ Christopher A. Boyko
                                                 CHRISTOPHER A. BOYKO
                                                 Senior United States District Judge