# GENERAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati ("Defendant" or "Menorah Park") and Keisha Thompson ("Representative Plaintiff," "Class Representative," or "Plaintiff").

WHEREAS, Keisha Thompson filed an action in the United States District Court for the Northern District of Ohio, entitled *Keisha Thompson v. Menorah Park Center For Senior Living Bet Moshav Zekenim Hadati*, N.D. Ohio Case No. 1:17-cv-02580, which was brought as a putative wage and hour collective and class action against Menorah Park (the "Civil Action");

WHEREAS, Menorah Park denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, Menorah Park and Plaintiff mutually desire to resolve any and all disputes relating to Plaintiff's employment with Menorah Park or the subject matter of the Civil Action.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between Menorah Park and Plaintiff (referred to together as the "Parties") as follows:

1. <u>Mutual Release of Claims</u>.  Plaintiff hereby fully waives, discharges, and releases any and all claims relating to or arising out of her employment with Menorah Park, of whatever nature, known or unknown, that she may have against Menorah Park, its parent, predecessors, successors, subsidiary and affiliated entities, and in the case of all such entities, their respective past and present officers, directors, agents, employees, shareholders, partners, successors, assigns, heirs, attorney, insurers, executors and administrators (collectively referred to as the "Menorah Park Released Parties") as a result of actions or omissions occurring through the date she executes this Release Agreement, subject to the provisions set forth below.  Specifically included in this waiver and release are any and all claims of alleged employment discrimination, any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., and/or any other federal, state, or local statute, common law, or regulation, including, but not limited to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, <u>et seq</u>. ("ERISA").  Plaintiff understands that this release includes but is not limited to all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims. Plaintiff further understands that this release includes all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, and any claims challenging the practices that gave rise to the claims asserted in the Civil Action.  Plaintiff further understands that this release includes all claims that relate to her employment with Menorah Park, including without limitations claims that were asserted or could have been asserted in the Civil Action, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

Menorah Park hereby fully waives, discharges, and releases Keisha Thompson from any and all claims relating to or arising out of her employment with Menorah Park that Menorah Park may have against her and her heirs, executors and administrators as a result of actions or omissions occurring through the date Menorah Park executes this Release Agreement.

2. In consideration for signing this Release Agreement and the fulfillment of the promises herein, Menorah Park understands that within 21 days after the Court approves the Settlement in the Civil Action, Menorah Park will pay Plaintiff the gross sum of Five Thousand Dollars ($5,000.00). An IRS form 1099-Misc., in Box 3, shall be issued to Keisha Thompson reflecting this amount. Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this paragraph, and Plaintiff hereby warrants that the Menorah Park Released Parties shall bear no responsibility for any such tax liabilities.

3. This Release Agreement together with the Settlement of the Civil Action constitutes the entire agreement between the Parties regarding the subject matter therein. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Keisha Thompson and Menorah Park. The Settlement in the Civil Action cannot be amended, changed, altered, or modified except in accordance with that Settlement.

4. Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Release Agreement and the Settlement of the Civil Action, and that she enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Settlement of the Civil Action. She also acknowledges that she has had the opportunity to consult with an attorney of her choosing concerning this Release Agreement, counsel negotiated on her behalf, and that she has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.

5. Plaintiff acknowledges and agrees that the payments offered to her under the terms of this Release Agreement and/or the Settlement of the Civil Action represent valuable consideration, and she would not be entitled to them absent this Release Agreement.

6. Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions. Whenever possible, each provision of this Release Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, and consistent with the intent that this Release Agreement along with the Settlement of the Civil Action be a complete resolution of the employment relationship between Plaintiff and Menorah Park. If any provision of this Release Agreement shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid or unenforceable, in whole or in part, such provision shall be ineffective only to the extent of such judgment, and shall not affect, impair or invalidate the remainder of such provision or any other provision of this Release Agreement. Any invalid or unenforceable provision shall be modified to the extent necessary to allow for enforceability and to give effect to the original intent of the Parties hereto to the extent possible.

7.  The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Release Agreement may be executed by the Parties in separate counterparts, with the same effect as if the Parties had signed the same document. This Release Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Release Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Release Agreement shall be deemed originals.

8.  This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

9.  This agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

10. The settlement reflected in the Settlement of this Civil Action and this Release Agreement shall not in any way be construed as an admission by the Menorah Park Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied. Plaintiff understands that Menorah Park is not offering this Release Agreement because it believes that she has any valid legal claims against Menorah Park. The Menorah Park Released Parties expressly deny any liability or alleged violation of any law or policy.

I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:

Dated: Oct 5, 2021     KEISHA THOMPSON

*Keisha Thompson (Oct 5, 2021 10:32 EDT)*

Dated: Oct 6 2021     MENORAH PARK CENTER FOR SENIOR LIVING BET MOSHAV ZEKENIM HADATI

By: Jamie Herbst

Its: Vice President, Human Resources

3