UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEISHA THOMPSON, on behalf of herself and all others similarly situated, | ) ) ) | CASE NO. 1:17-cv-02580 |
| Plaintiff, | ) ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| MENORAH PARK CENTER FOR SENIOR LIVING BET MOSHAV ZEKENIM HADATI | ) ) ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. | ) ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Lori M. Griffin, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On December 12, 2017, Representative Plaintiff Keisha Thompson filed this Action as a result Defendant's alleged practices and policies of not paying its hourly, non-exempt registered nurses, licensed practical nurses, and nursing assistants, including Plaintiff and other similarly-situated employees, for all hours worked, allegedly in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Plaintiff alleged that she and other similarly situated employees were only paid for work performed during their scheduled shifts and were not paid for work performed off-the-clock at the end of their shifts, including, but not limited to, completing patient charts, completing

required documentation and paperwork, and patient care and treatment. Plaintiff also alleged that she and other similarly situated employees were required to clock out at the end of their scheduled shift and continue working.

3. Defendant denied all Plaintiff's claims, and denied that class or collective status was warranted. Per Defendant, employees were paid for all hours worked in accordance with all applicable laws.

4. On August 31, 2018, the Parties attended a mediation with Magistrate Judge Baughman.

5. On May 28, 2019, the Parties attended a mediation with Magistrate Judge Baughman.

6. On September 12, 2019, the Parties attended another mediation with Magistrate Judge Baughman.

7. On May 20, 2020, Plaintiff filed her Motion for Conditional Certification, Expedited Opt-In Discovery, and Court Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 43.) On July 2, 2020, Defendant filed its Opposition brief (Doc. 45), and on July 10, 2020, Plaintiff filed her Reply in Support. (Doc. 47.)

8. On July 2, 2020, Defendant filed a Motion to Strike Specific Paragraphs of the Declarations of Keisha Thompson, Rhonda Jackson, and Shantee Wilburn. (Doc. 46.) On July 17, 2020, Plaintiff opposed Defendant's Motion to Strike Specific Paragraphs of the Declarations of Keisha Thompson, Rhonda Jackson, and Shantee Wilburn (Doc. 48), and on July 22, 2020, Defendant filed its Reply Brief. (Doc. 49.)

9. On February 4, 2021, the Court granted Plaintiff's Motion for Conditional Certification and certified the following class:

> All former and current hourly RNs, LPNs, and nursing assistants employed by Menorah Park Center for Senior Living Bet Moshav Zekenim Hadati during any period of time between January 11, 2015 and the present.

10. The Court approved the Notice to Potential Opt-Ins, which specified that, if they chose to join this litigation: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this litigation, each designated the named Representative Plaintiff as his or her agent to make decisions on his or her behalf concerning the litigation, including the entering into a settlement agreement with Defendant.

11. On March 3, 2021, the Court-approved Notice was mailed via First Class Mail to 1,747 putative class members. The Notice period closed on April 2, 2021.  In addition to Representative Plaintiff Keisha Thompson, 82 individuals opted-in to the case.  Each Individual Plaintiff signed a Consent Form (filed with the Court) stating, among other things, that each would be bound by the judgment of the Court on all issues in this litigation.

12. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to the Plaintiff's claims and Defendant's defenses.

13. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims.  This included a complete analysis and calculation of Plaintiff's and Opt-In Party Plaintiffs' alleged overtime damages.

14. The Parties advise this Court that they engaged in extensive legal discussion which included numerous and lengthy discussions between counsel for the Parties.

15. Between July 2018 and August 2021, the Parties engaged in an extensive exchange of information which included the initial production of time and pay information relating to the entire putative class, and then more specific information relating to Plaintiff and the Opt-Ins, performing extensive calculations to determine the alleged damages of Plaintiffs, numerous telephone discussions regarding the calculation of damages and potential resolution, and numerous motions filed.

16. The Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.

17. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

18. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on August 31, 2021 with the assistance of Mediator Peggy Foley Jones, on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties Joint Motion.

19. With this settlement, Defendant in no way admits any violation of law or improper payment. Defendant expressly denies all such claims. No violation of law has been proven or established.

20. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

21. The Court orders that the settlement payment be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

22. The Court specifically recognizes that each Individual Plaintiff has released claims as follows:  Plaintiffs release and forever discharge Defendant and related individuals and entities from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, liquidated damages, interest, attorneys' fees, and expenses pursuant to the FLSA and the OMFWSA, for the period of December 13, 2015 through the date of this Order.  This release includes, but is not limited to, all claims that were asserted or could have been asserted in this litigation, including all collective or class claims.  This release also includes all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in this litigation, and any claims challenging the practices that gave rise to the claims asserted in the litigation.

23. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement.  All pending deadlines are stricken as moot.  The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this 12th day of October, 2021

                                       s/ Christopher A. Boyko
                                       SENIOR JUDGE CHRISTOPHER A. BOYKO